## Tonuci v. Lennon

*Nicholas G. Petrella*, for plaintiff.
*Samuel Melnick*, for defendant.

REIMEL, J., March 14, 1958.—This matter comes before the court on the auditor's rule to show cause why an attachment should not issue against plaintiff for noncompliance with the order of this court dated October 21, 1957, which awarded the auditor's fee and directed payment thereof by plaintiff. Plaintiff filed

preliminary objections to the aforesaid petition alleging that the Act of July 12, 1842, P. L. 339, 12 PS §257, abolished such an attachment.

While no formal objection appears of record, we note that Pa. R. C. P. 206 to 209, inclusive, which determine the procedure upon petition and answer, do not contemplate the filing of preliminary objections to a rule to show cause. The proper pleading to a rule to show cause is an answer to the petition. Since no objection was filed, we shall treat the preliminary objection as an answer and consider its merit.

The Act of 1842 relied upon by respondent enumerates certain exceptions to the act, among which is a "proceeding as for contempt". An auditor was appointed to audit the account of respondent, a mortgagee in possession, because of the complexity of the account due to improper accounting procedures and records. The auditor filed his report which was adopted by the court as modified. Subsequently, an order was entered awarding the auditor's fee as aforesaid. This order has not been complied with and this court took the proper action of issuing an attachment to enforce its order.

Although an appeal is pending from the court's dismissal of plaintiff's exceptions to the order awarding the auditor's fee, no supersedeas has been obtained. The Act of May 19, 1897, P. L. 67, as amended, 12 PS §1133 et seq., rules the question of supersedeas. A supersedeas operates only in favor of those who ask for and have done those things necessary to obtain it: Self Drive It Corporation Case, 390 Pa. 161. Respondent has failed to give bond as required by the act. Therefore, this court has jurisdiction to issue the attachment.

For the above reasons, petitioner's rule for attachment is made absolute.